**UNITED STATES COURT OF APPEALS**
**FOR THE FIRST CIRCUIT**

No. 12-2194

MICHELLE L. KOSILEK,
Plaintiff/Appellee,
v.
LUIS S. SPENCER, Commissioner of the
Massachusetts Department of Corrections,
Defendant/Appellant.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
Hon. Mark L. Wolf, U.S. District Judge

REPLY OF APPELLEE
Michelle Lynn Kosilek

Joseph L. Sulman (C.A. No. 115200)
David Brody (C.A. No. 1157139)
**Law Office of Joseph L. Sulman**
1001 Watertown Street, Third Floor
West Newton, MA 02465
617-521-8600

Jennifer Levi (C.A. No. 562298)
**Gay & Lesbian Advocates & Defenders**
30 Winter Street, Suite 800
Boston, MA 02108
617-426-1350

March 21, 2014

**TABLE OF AUTHORITIES**

**Case**                                                                 **Page(s)**

Brock v. Wright, 315 F.3d 158 (2nd Cir. 2003) .................. 3

Cook v. Sheriff of Monroe County,
402 F.3d 1092 (11th Cir. 2005) ............................... 5

Sanville v. McCaughtry, 266 F.3d 724 (7th Cir. 2001) ........... 5

Torraco v. Maloney, 923 F.2d 231 (1st Cir. 1991) .............. 5

REPLY

In its supplemental brief to this Court, the Department of Corrections ("DOC") argues for the first time that the district court's finding of deliberate indifference rests solely on "speculation" about the likelihood of Michelle Lynn Kosilek engaging in self-injurious behavior in the future. The DOC's argument implies that there was insufficient evidence of current harm to support the court's ruling. The record belies DOC's argument. The district court heard ample testimony to support its determination that Kosilek **currently** suffers as a result of her medical condition **as well as** testimony that the hope of receiving her essential medical care has kept her from harming herself since she filed her case.[1] The district court also had ample evidence, contrary to the DOC's argument, to find Kosilek's ongoing psychotherapy and hormone therapy insufficient to treat her current psychological distress.[2]

---

[1] Kosilek rejects the characterization of this testimony as "speculation." Dr. George Brown testified that if Kosilek did not receive surgery, his opinion was "with a high degree of medical certainty [that Kosilek] would . . . kill herself." RA 3643. Both Dr. Randi Kaufman and Dr. Kevin Kapila confirmed that "it is quite likely that Michelle will attempt suicide" if she does not receive the necessary surgery. RA 1638. Simply because the medical testimony included statements about Kosilek's prognosis and likely future symptomology does not render it "speculative."

[2] DOC is also wrong to argue that a showing of serious medical need is somehow undermined if an inmate cannot demonstrate that

The medical experts consistently testified that Kosilek continued to suffer significant psychological distress as a result of her gender identity disorder. Dr. Brown's report described Kosilek as suffering "with severe GID in the 'half male, half female' limbo that preoperative transsexuals must endure." RA 1818. His opinion regarding her suffering was corroborated by the clinicians who evaluated her. Drs. Kaufman and Kapila noted: "Michelle continues to feel quite distressed, both with having male genitalia, as well as not having female genitalia." RA 1634-39. As Dr. Kaufman confirmed in her testimony, Kosilek "still shows a level of dysphoria that really can't be treated in any other way but surgery." RA 4007.

The DOC's medical provider agreed that the psychological distress experienced by Kosilek required surgical treatment. Dr. Kenneth Appelbaum and Dr. Arthur Brewer, the DOC's directors of mental health and medical care, respectively, put it succinctly: "At this time Michelle Kosilek has a serious medical need for Sex Reassignment Surgery because she continues to experience significant dysphoria from GID and there is no other alternative treatment that is likely to reduce or alleviate that distress."

---

it is essential to prevent imminent death. See, e.g., Brock v. Wright, 315 F.3d 158, 164 (2nd Cir. 2003) (deliberate indifference does not "require an inmate to demonstrate that he or she experiences pain that is at the limit of human ability to bear, nor do we require a showing that his or her condition will degenerate into a life-threatening one"). See also cases at page 7, note 4 of Supplemental Brief of Plaintiff.

RA 2669. Dr. Appelbaum testified that Kosilek's suffering "includes an express significant discomfort, lack of ease, embarrassment, and other forms of dysphoria associated with having male genitalia." RA 5627.

In contrast, DOC can point to **no** testimony to dispute that Kosilek currently suffers significant psychological distress as a result of GID.[3] Dr. Chester Schmidt simply testified that he did not observe Kosilek's distress during his evaluation. RA 4209-10. Ms. Cynthia Osborne never observed Kosilek's routine; neither did she speak to her therapist nor review the progress notes of her case. RA 4428-32.

Whatever the DOC or even this Court thinks about the validity or seriousness of the testimony, the district court was in the best position to evaluate the credibility of the testimony and to make a factual finding regarding the seriousness of the degree of suffering that Kosilek continues to endure. The DOC's argument that this Court should reject the factual finding of the seriousness of the ongoing suffering that Kosilek experiences would reverse this Court's appellate role.

---

[3] The most DOC can argue is that the treatment Kosilek has received has reduced the degree of her suffering. See, e.g., Supplemental Brief of Defendant at 9, n. 3 (Brown testified Kosilek was "less depressed"; Kaufman testified Kosilek had "progressed in reducing" the dysphoria; Appelbaum testified Kosilek's condition "improved.") That the suffering she experiences was reduced says nothing about the level of suffering or anguish that she continues to experience.

3

The three cases the DOC relies upon to support its argument that testimony about potential future self-injurious behavior may not support a finding of deliberate indifference are wholly inapposite. Torraco v. Maloney, 923 F.2d 231 (1st Cir. 1991); Sanville v. McCaughtry, 266 F.3d 724 (7th Cir. 2001); Cook v. Sheriff of Monroe County, 402 F.3d 1092 (11th Cir. 2005). In all three cases, the courts considered whether a prison was liable for an Eighth Amendment violation after an inmate committed suicide. Cases about errors in past medical care, no matter the outcome, are not equivalent to cases like this one addressing the harm resulting from a denial of current care.

[Remainder of page intentionally blank]

For the reasons set forth in her original and supplemental briefs along with this short reply, Kosilek asks this Court to affirm the district court judgment.

Respectfully submitted,

/s/ Joseph L. Sulman

Joseph L. Sulman (C.A. No. 115200)
David Brody (C.A. No. 1157139)
Law Office of Joseph L. Sulman
1001 Watertown Street, Third Floor
West Newton, MA 02465
617-521-8600
Jennifer Levi (C.A. No. 562298)
Gay & Lesbian Advocates & Defenders
30 Winter Street, Suite 800
Boston, MA 02108
617-426-1350


Dated: March 21, 2014

CERTIFICATE OF COMPLIANCE

    This brief complies with the type-volume limitation of Fed. R. App. P.32(a)(7)(B) because it contains 925 words, excluding the parts of the brief exempted by Fed. R. App. P.32(a)(7)(B)(iii). This brief complies with the typeface requirement of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in fourteen-point Times New Roman font.

                         /s/ Joseph L. Sulman

                         Joseph Sulman

## CERTIFICATE OF SERVICE

On March 21, 2014, I caused to be filed electronically, with the Clerk of the Court for the U.S. Court of Appeals for the First Circuit, using the appellate CM/ECF system, the foregoing Reply of Appellee. I further certify that all parties in this case are registered CM/ECF users and will be served by the appellate CM/ECF system.

/s/ Joseph L. Sulman

Joseph Sulman